## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES GRAY, individually as surviving father and heir at law of CAMERON GRAY, deceased,<br>　　　　Plaintiff<br>　　v.<br><br>MIDWEST MATERIALS BY MUELLER, INC. and<br>CAMRAN BLAKE BRUNA,<br>　　　　Defendants | Case No. 6:23-cv-01032<br><br><br>JURY TRIAL REQUESTED |

## COMPLAINT

COMES NOW Plaintiff James Gray, individually as the surviving father and heir at law of Cameron Gray, deceased, and for a cause of action against Midwest Material by Mueller, Inc. and Camran Blake Bruna, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff brings this claim against Defendants pursuant to K.S.A. 60-1901, *et seq.*, for the wrongful death of Cameron Gray.

2. On October 19, 2022, Cameron Gray died in a motor vehicle accident in Washington County, Kansas. At the time of his death, Cameron Gray was thirty-seven (37) years of age, and he is survived by his natural father, Plaintiff James Gray, and his natural mother, Irene Rogge.

3. Cameron Gray, deceased, was a citizen of Nebraska residing at 1210 Oak St., Fairbury, NE 68352.

1

4. Plaintiff James Gray is a citizen of Nebraska residing at 314 N. Belleville Ave., Hastings, NE 68901.

5. Defendant Midwest Materials By Mueller, Inc. ("Midwest") is a Kansas for-profit corporation with a principal place of business in Kansas. Defendant Midwest may be served with process through its registered agent Robert Holle at 203 W. North Street, Hanover, Kansas 66945.

6. Defendant Camran Blake Bruna ("Bruna") is an individual residing in Kansas. Defendant Bruna may be served with process at his residential address, 601 N. Hollenberg Ave., Hanover, Kansas 66945.

7. Defendant Midwest was at all times material and relevant herein doing business in the state of Kansas.

8. Defendant Midwest and Defendant Bruna have substantial, systematic, and continuous contacts with Kansas such that the exercise of general personal jurisdiction over Defendants is fair, just, appropriate and lawful.

9. Pursuant to 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction over Plaintiff's claims because there is complete diversity between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper and maintainable in this judicial district because it is the district in which Defendants reside and is the judicial district in which a substantial part of the events or omission giving rise to Plaintiff's claims occurred.

**BACKGROUND AND FACTS COMMON TO ALL CAUSES OF ACTION**

11. Defendant Midwest provides ready-mix concrete to commercial and residential customers throughout Northeast Kansas.

12. On October 19, 2022, Defendant Bruna was transporting approximately 11 cubic yards of ready-mix concrete in a 1999 Mack RB60 cement truck bearing VIN 1M2P264C0XM028363 (the "Mack Truck") on Kansas Highway 148 in Washington County, Kansas.

13. As Defendant Bruna approached mile marker 71.5, the Mack Truck's left front steer-axle tire ("Subject Tire") delaminated and blew out. Following the tire disablement, the Mack Truck veered into oncoming traffic and crashed into Cameron Gray's Honda CR-V.

14. Cameron Gray was killed in the crash.

15. At all relevant times, the Mack Truck was owned, inspected, maintained, repaired, dispatched, supervised, and controlled by Defendant Midwest.

16. At all relevant times, Defendant Bruna was an employee of Defendant Midwest acting in the course and scope of his employment.

17. As a result of the occurrence in question, Plaintiff and all other heirs at law have sustained and will continue to sustain pecuniary and non-pecuniary damages. These damages include, but are not limited to, loss of filial care, attention, protection, services, advice, and educational, physical, and moral training and guidance; earnings the deceased would have provided; funeral

expenses; mental anguish, suffering, and bereavement; and loss of society, comfort, and companionship.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE DEFENDANT BRUNA

18. All preceding paragraphs are incorporated herein by reference.

19. Plaintiff alleges that Defendant Bruna had a duty to exercise ordinary care in the operation of the Mack Truck by acting as a reasonable and prudent commercial operator would act under the same or similar circumstances. Plaintiff alleges that Defendant Bruna failed to do so as he did not maintain the proper lane of travel on the proper side of the roadway.

20. The negligence of Defendant Bruna directly and proximately caused the crash and the resulting damages to Plaintiff and all heirs at law of Cameron Gray, Deceased.

### COUNT II: NEGLIGENCE DEFENDANT MIDWEST

21. All preceding paragraphs are incorporated herein by reference.

22. Defendant Midwest had a duty to exercise ordinary care in the delegation and management of its duties as a motor carrier by keeping its fleet of vehicles in a safe operating condition and training its employees to safely control a commercial vehicle in the event of a tire blowout.

23. Plaintiff alleges that Defendant Midwest was negligent and breached its duty of care by failing to adequately inspect and maintain the Mack Truck and/or its tires.

24.    Plaintiff further alleges that Defendant Midwest is vicariously liable for Plaintiff's damages under the doctrine of *Respondeat Superior*. That is, Defendant Midwest is liable to Plaintiff by virtue of the negligent conduct of its driver, Defendant Bruna, as described herein.

25.    The negligence of Defendant Midwest directly and proximately caused the death of Cameron Gray and the resulting damages to Plaintiff and all heirs at law.

## **JURY DEMAND**

26.    All preceding paragraphs are incorporated herein by reference.

27.    Plaintiff prays for trial by jury on all issues herein.

WHEREFORE, and for each and every Count herein set forth above, Plaintiff prays for judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs incurred herein, for prejudgment interest at the rate allowed by law, and for such other and further relief the Court deems just and proper.

Respectfully Submitted,

 /s/ Larry Wall
Larry Wall, S. Ct. No. 07732
**LARRY WALL TRIAL LAW**
121 South Whittier Street
Wichita, KS 67207
(316) 265-6000 Telephone
(316) 462-5722 Facsimile
larry@whtriallaw.com

AND

5

Robert E. Ammons*
Luis Fabrega*
**THE AMMONS LAW FIRM, LLP**
3700 Montrose Boulevard
Houston, TX 77006
(713) 523-1606 Telephone
(713) 523-4159 Facsimile
rob@ammonslaw.com
luis@ammonslaw.com
kyle@ammonslaw.com

**Pro hac vice* applications to be submitted

**Attorneys for Plaintiff James Gray, individually as surviving father and heir at law of Cameron Gray, deceased**

6